UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL G. MARTINEZ, et. al., | Case No. 2:12-cv-00345-MMD-RJJ |
| Plaintiffs, | |
| v. | ORDER |
| PRLAP, Inc., et al., | |
| Defendants. | |

Before this Court are Plaintiff Daniel G. Martinez's Motion to Remand (dkt. no. 8), Amended Motion to Remand (dkt. no. 23), Motion to Strike Joinder (dkt. no. 16), Motion for Clarification (dkt. no. 1-E), Motion for Disqualification of Opposing Counsel (dkt. no. 1-I), Motion for Mandatory Judicial Notice and Application of Default Judgment (dkt. no. 20), and Notice of Motion to Stay Proceedings Pending the Outcome of Bankruptcy Proceedings in Title 11 (dkt. no. 33).[1]

**I.     BACKGROUND**

Plaintiffs filed this action in state court on October 14, 2011, against PRLAP, Inc., the original trustee of the deed of trust, for breach of fiduciary duties arising out of the alleged filing of fraudulent documents with the county recorder relating to a property that

---

[1] The Complaint in this action was filed by three plaintiffs, Daniel G. Martinez, Tina M. Courtney, and Thomas Zsido. The First Amended Complaint appears to only be brought by Plaintiff Daniel G. Martinez, although many of the subsequently filed motions appear to be brought on behalf of all three original Plaintiffs. The Court will construe the Motions that are the subject of this Order as having been brought by Martinez only, mindful that "courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008).

had been the subject of foreclosure proceedings. The property was sold at a foreclosure sale on October 24, 2011. Plaintiff Daniel G. Martinez ("Martinez") subsequently filed a First Amended Complaint on February 10, 2012, alleging claims against PRLAP, Inc., MTC Financial Inc. d/b/a Trustee Corps ("Trustee Corps") (the substituted trustee), and individual defendants Paul Kim, Juan Carrillo, Gloria Juarez, Amy Lemus, Anthony Trust, Susan Dana, and Diane Derr. Defendants removed this action on March 1, 2012.

## II. DISCUSSION

### A. Motion and Amended Motion to Remand (dkt nos. 8 and 23)

The amended complaint was served upon defendant Trustee Corps on February 21, 2012, and the remand petition was timely filed on March 1, 2012, on the basis of diversity jurisdiction.[2] *See* 28 U.S.C. § 1446(b) ("The Notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."). All Defendants, with the exception of Defendants Dana and Derr who had not been served at the time, timely joined the removal petition.

Martinez appears to argue in his Motion to Remand that removal was improper because not all defendants acquiesced to the removal, no federal subject matter jurisdiction or diversity jurisdiction exists to hear this suit, and that this Court should abstain from exercising jurisdiction due to the important state issues raised by the complaint.

Martinez's arguments with respect to proper joinder to the removal petition and with respect to abstention are meritless. Since removal was based on diversity, the Court will not address federal question jurisdiction. To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Martinez appears to challenge

---

[2] In their Response to this Motion, Defendants contend that Trustee Corps was the only defendant to have been served.

2

only the amount-in-controversy requirement.

Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In determining what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)).

This action was properly removed as a diversity action. Defendant PRLAP, Inc. is a North Carolina corporation, Trustee Corps is a California corporation,[3] and the remaining individual defendants are California citizens.[4] Martinez identifies himself in the Amended Complaint as a Nevada resident.[5] Martinez does not, in his Motion or Reply, challenge the domicile of the Defendants. The Court is thus satisfied that diversity of citizenship exists as to all parties.

This case also satisfies the amount-in-controversy requirement. Martinez has alleged damages in excess of $75,000. Although the caption to his Motion appears to

---

[3] Martinez filed his First Amended Complaint against "Malcolm Cisneros Law Group aka MTC financial dba Trustee Corp," alleging that Trustee Corps is run by Malcolm Cisneros attorneys. Trustee Corps is the legitimate defendant in this suit. Even were Malcolm Cisneros a proper defendant, their status as California citizens would not destroy diversity.

[4] Defendants have demonstrated sufficiently to this Court that Defendants Susan Dana and Diane Derr are citizens of California. This Court will not consider Defendants' alternative arguments on fraudulent joinder.

[5] Though citizenship, not residence, is the touchstone for diversity jurisdiction, *see Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir.1995) ("It is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing'"), the Court is satisfied based on the pleadings and on the original and amended complaints that Plaintiffs are Nevada citizens.

claim that the amount-in-controversy requirement is not satisfied, the Amended Complaint seeks a total of $202,000 in damages ($60,000 in damages, and $142,000 for treble damages for the alleged illegal sale of the property). It is thus "facially evident" from the complaint that this requirement is met. *See Valdez*, 372 F.3d at 1117.

For these reasons, Martinez's Motion to Remand and Amended Motion to Remand are denied.

### B. Motion to Strike (dkt. no. 16), Motion for Clarification (dkt. no. 1-E), and Motion for Disqualification of Opposing Counsel (dkt. no. 1-I)

Martinez seeks to strike any filings made by the law firm of Malcolm Cisneros, counsel for Defendant PRLAP, Inc. He makes essentially the same request in his Motion for Clarification (dkt. no. 1-E) and Motion for Disqualification of Opposing Counsel (dkt. no. 1-I), both filed in state court before removal. Counsel need not demonstrate to this Court their status as representatives of PRLAP, Inc., and Martinez has not demonstrated any impropriety on the part of current counsel to represent PRLAP. The Motion to Strike, Motion for Clarification, and Motion for Disqualification of Opposing Counsel are without merit, and are denied.

### C. Martinez's Mandatory Judicial Notice of Pending Unopposed Motions (dkt. no. 20)

Martinez also filed a Mandatory Judicial Notice of Pending Unopposed Motions Before the Court and Application of Default Judgment Against PRLAP, Inc., seeking default judgment against PRLAP for failure to respond. However, PRLAP responded to the original Complaint by filing a Motion to Dismiss on November 22, 2011. (*See* dkt. no. 1-B.) The fact that Martinez has later filed an amended complaint alleging additional claims against additional defendants does not extinguish PRLAP's original appearance. Moreover, this Court has ordered Defendants to respond to the Amended Complaint within 10 days from Trustee Corps' supplementation of the records with the order granting Martinez leave to amend. (*See* dkt. no. 40.) Martinez's motion for default judgment against PRLAP is thus denied.

4

### D. Motion to Stay Proceedings Pending Outcome of Bankruptcy (dkt. no. 33)

Martinez filed a notice of bankruptcy filing by Rampart MMW, Inc. ("Rampart") and requested that this Court stay this action pending the resolution of Rampart's bankruptcy proceedings. However, Martinez has failed to demonstrate that Rampart has any relationship to any of the parties in this action or to the dispute before this Court to warrant a stay. He also has failed to demonstrate that Rampart has any interest in the property that is the subject of this action. While Rampart disclosed an equitable interest in the property, subject to a security interest by Bank of America, in Schedule A of its bankruptcy petition, there is no evidence before this Court that Rampart has any interest in the property. Moreover, even assuming Rampart had an interest in the property acquired through a series of reconveyances from Plaintiffs Tina M. Courtney and Thomas Zsido,[6] Rampart would have only received Courtney and Zsido's interests which were extinguished after the foreclosure sale. Accordingly, Martinez's motion to stay is denied.

### III. CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff Daniel G. Martinez's Motion to Remand (dkt. no. 8) and Amended Motion to Remand (dkt. no. 23) are DENIED.

IT IS FURTHER ORDERED THAT Martinez's Motion to Strike (dkt. no. 16), Motion for Clarification (dkt. no. 1-E), and Motion for Disqualification of Opposing Counsel (dkt. no. 1-I) are DENIED.

IT IS FURTHER ORDERED THAT Martinez's Mandatory Judicial Notice of Pending Unopposed Motions Before the Court and Application of Default Judgment Against PRLAP Inc. (dkt. no. 20) is DENIED.

---

[6] Martinez apparently acquired an interest in the subject property through a quitclaim deed from Tina M. Courtney and Thomas Zsido. (See dkt. no. 38-3.) Martinez then conveyed his interest to The Country Hollow 1409 Trust via a Special Warranty Deed and Rampart was identified as a co-trustee of said Trust. (See dkt. no. 38-5.)

1     IT IS FURTHER ORDERED THAT Martinez's Motion to Stay (dkt. no. 33) is DENIED.

IT IS FURTHER ORDERED THAT the stay on discovery ordered on May 15, 2012 (dkt. no. 28), is hereby LIFTED.

IT IS SO ORDERED.

ENTERED THIS 11th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE