UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL G. MARTINEZ, et. al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>PRLAP, Inc., et al.,<br><br>　　　　　　　Defendants. | Case No. 2:12-cv-00345-MMD-NJK<br><br>ORDER<br><br>(Plf.'s Motion For Voluntary Dismissal –<br>dkt. no. 47;<br>Defs.' Motion to Dismiss – dkt. no. 48) |

Before the Court is Plaintiff Daniel G. Martinez's Motion for Voluntary Dismissal Without Prejudice (dkt. no. 47), as well as Defendant PRLAP, Inc.'s Motion to Dismiss (dkt. no. 48).

**I.　BACKGROUND**

Plaintiffs Daniel G. Martinez, Tina M. Courtney, and Thomas Zsidro filed this action in state court on October 14, 2011, against PRLAP, Inc. ("PRLAP") for breach of fiduciary duties arising out of the alleged filing of fraudulent documents with the county recorder relating to a property that had been the subject of foreclosure proceedings. The property was sold at a foreclosure sale on October 24, 2011. On January 31, 2012, Clark County District Judge Kenneth Corey granted PRLAP's Motion to Dismiss as to Plaintiffs Courtney and Zsidro. Martinez subsequently filed a First Amended Complaint ("FAC") on February 10, 2012, alleging claims against PRLAP, Inc., MTC Financial Inc. d/b/a Trustee Corps ("Trustee Corps") (the substituted trustee), and individual defendants Paul Kim, Juan Carrillo, Gloria Juarez, Amy Lemus, Anthony Tran, Susan

Dana, and Diane Derr.  Trustee Corps removed this action on March 1, 2012.  On July 11, 2012, the Court denied Plaintiff Martinez's Motion to Remand.  (*See* dkt. no. 41.)  On July 20, 2012, the Court granted Martinez's motion to voluntarily dismiss all Defendants except for Dana, Derr, PRLAP, and Trustee Corps.  (Dkt. no. 45.)

## II.   DISCUSSION

### A.   Motion for Voluntary Dismissal (dkt. no. 47)

Pursuant to Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  The purpose of Rule 41(a)(2) "is to permit a plaintiff to dismiss an action . . . so long as the defendant will not be prejudiced or unfairly affected by dismissal."  *Stevedoring Servs. of Am. v. Armilla Intern. B. V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal quotations omitted).  "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court."  *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982).

Martinez seeks to dismiss his suit against Dana and Derr.  The Court finds that Martinez's request will not unfairly prejudice these defendants, though they answered Martinez's FAC 12 days before he filed this Motion.  (*See* dkt. no. 46.)  Accordingly, Martinez's claims against Dana and Derr are dismissed without prejudice.

### B.   Motion to Dismiss (dkt. no. 48)

PRLAP brings this Motion seeking to dismiss Martinez's FAC on Fed. R. Civ. P. 8(b) and 12(b)(6) grounds.

#### 1.   Legal Standard

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief."  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir.2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

///

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

**2. Analysis**

Martinez's FAC fails to state any plausible claims for relief. The FAC purports to state 12 claims against various Defendants for violations of various Nevada state statutes, but the Complaint is difficult to comprehend and includes confusing and irrelevant information. (*See* dkt. no. 1-J.) Indeed, it does not state any claim against PRLAP under any of its 12 headings, only mentioning PRLAP in an introductory section of the FAC entitled "General Allegations & Statement of Claim." (*Id.* at ¶¶ 2-9.) The FAC appears to allege that PRLAP doctored a notary signature of documents, but contains other allegations of rampant fraud conducted by various other defendants in pursuit of an illegal sale of the property in question. In light of the confusing allegations, the FAC suffers from a failure to state a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Further, Martinez's claims against PRLAP sound in fraud, which "requires that a party state with particularity the circumstances constituting fraud." *In re VeriFone Holdings, Inc. Sec. Litig.*, __ F.3d __, 2012 WL 6634351, at *3 (9th Cir. 2012) (quoting Fed. R. Civ. P. 9(b)). Martinez has failed to comply with this requirement, and has not given PRLAP adequate notice of the misconduct he appears to challenge. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550,

558 (9th Cir. 2010) ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong.").

The remaining counts of Martinez's allegations contain nothing but conclusory allegations of fraud and illegal conduct, without specific factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  After reviewing PRLAP's attached public records, *see Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (noting that a court may take judicial notice of matters in the public record), the Court is satisfied that Martinez has failed to state a claim against PRLAP upon which relief may be granted. For this reason, Martinez's claims against PRLAP are dismissed with prejudice.

### III.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff Daniel G. Martinez's Motion for Voluntary Dismissal Without Prejudice (dkt. no. 47) is GRANTED.

IT IS FURTHER ORDERED that Defendant PRLAP, Inc.'s Motion to Dismiss (dkt. no. 48) is GRANTED with prejudice.

ENTERED THIS 1st day of February 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE